UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 07-343-01 (MJD/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Eduardo Medina-Rodriguez, | |
| Defendant. | |

Leshia M. Lee-Dixon, Assistant United States Attorney, for the Government.
Douglas Olson, Assistant Federal Defender, for Defendant.

___

**THIS MATTER** came before the undersigned United States Magistrate Judge on November 7, 2007, on Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [#27] and Defendant's Motion to Suppress Statements, Admissions, and Answers [#28].[1] The Court received six exhibits[2] relating to Defendant's Motion to Suppress Evidence Obtained as a Result of

---

[1] At the hearing, the Government represented that Defendant made no statements. Defendant's motion to suppress statements, admissions and answers [#28] must be DENIED as moot.

[2] Ex. 1  Application for search warrant with supporting affidavit, search warrant, and search warrant inventory for a triplex residence on Colfax Avenue North in Minneapolis, Minnesota.
Ex. 2  application for search warrant with supporting affidavit, search warrant, and search warrant inventory for a residence on Clinton Avenue South in Minneapolis, Minnesota.
Ex. 3  Application for an order authorizing the installation and use of a mobile tracking device on a 2000 Ford Expedition.
Ex. 4  Application for search warrant with supporting affidavit, search warrant, and search warrant inventory for an apartment residence on Sixth Street South in Hopkins, Minnesota
Ex. 5  Application for search warrant with supporting affidavit, search warrant, and search warrant inventory for an apartment residence on Seventh Street South in Hopkins, Minnesota
Ex. 6  Application for search warrant with supporting affidavit, search warrant, and

Search and Seizure [#27].  All six exhibits are search warrants executed in this case; the Defendant argues that Exhibit 1 is not supported by probable cause and the evidence seized during the execution of the search warrant should be suppressed.  Additionally, Defendant argues that since Exhibits 2-6 rely on information obtained during the execution of Exhibit 1, then all the evidence seized during the execution of Exhibits 2-6 should be suppressed as fruit of an illegal search and seizure.  The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons which follow, this Court recommends that Defendant's motions be denied.

## I.  FINDINGS OF FACT

The affidavit in support of the search warrant for the triplex residence on Colfax Avenue North was prepared by Officer Mike Hentges of the Minneapolis Police Department.  (Ex. 1, 1-2.)  Officer Hentges has been employed in law enforcement for 24 years, the last 20 with the Minneapolis Police Department.  (Ex. 1, 1-2.)

Officer Hentges's affidavit in support of the application for the search warrant for the triplex residence on Colfax Avenue North contains ten paragraphs.  (Ex. 1, 1-2.)  The first paragraph describes the nature of Officer Hentges current employment, his past employment, and his training in narcotic investigations.  (Ex. 1, 1-2.)  The second through fifth paragraphs of Officer Hentges's affidavit read as follows:

> For the past three months your affiant has been aware of a group of Mexican nationals selling Cocaine and Heroin in the Minneapolis/St. Paul area.  Your affiant knows these males and females use assumed names, false names, false addresses, and fake identification.  These individuals are know by your affiant to drive numerous

---

search warrant inventory for a DNA sample from the Defendant.

> vehicles licensed in the names of individuals not involved with the organization in an effort to protect the identity of organization members. Your affiant also knows members of this organization change their vehicles on a regular basis.
>
> Your affiant also knows members of this organization to be well aware of Police tactics. Members of the organization use evasive driving techniques, change meet spots for their customers frequently, change their cellular telephone numbers frequently, and change their addresses on a regular basis. Organization members use a dispatch, delivery system in which the person answering a customer's telephone call will then call a runner from the organization, who will then meet a customer at a location decided on by the dispatcher and sell the customer a quantity of Cocaine or Cocaine. Organization members only sell Cocaine and Heroin to regular customers and are reluctant to meet new customers. Your affiant is aware of this from Confidential Reliable Informants information, Cooperating Defendants information, and information learned form training and first hand experience.
>
> With this information in mind your affiant spoke with another Minneapolis Narcotics Officer and requested the Officer assist your affiant by purchasing illegal Narcotics from the above organization as part on an undercover buy scenario. This Undercover Officer has purchased Cocaine from organization members on prior occasions at your affiant's direction.
>
> Within the past 72 hours the above mentioned Undercover Officer contacted an organization member and arranged the undercover purchase of a quantity of Cocaine. After the Officer ordered the Cocaine from organization member, Surveillance Officers observed the organization member to leave the south facing eastern most door of [XXXX] Colfax Avenue North. Surveillance Officers then followed the organization member to a pre-arranged meet location where the Undercover Officer purchased a quantity of Cocaine from the organization member in exchange for a quantity of pre-recorded MPD buy funds. The Cocaine field tested positive.

(Ex. 1, 1-2.) The sixth through ninth paragraphs relate to the investigation of the triplex nature of the residence. (Ex. 1, 1-3.) The tenth paragraph describes the requested scope of the search warrant sought. (Ex. 1, 1-3.)

Based on the affidavit described above, the search warrant was authorized by a district court judge in Hennepin County on August 6, 2007. (Ex. 1, 2-1.) The search warrant was executed on the following day and items were seized from the property, including suspected narcotics, cash, and drug packaging materials. (Ex. 1, 3-1.) Subsequent to the execution of this warrant and based upon

information learned during the execution of the warrant, law enforcement sought and obtained four additional search warrants and an order authorizing the installation and use of a mobile tracking device. (Ex. 2 - 6.)

## II.   CONCLUSIONS OF LAW

### A.   The Affidavit in Support of the Search Warrant Lacked Probable Cause for the Issuance of the Search Warrant.

Searches conducted pursuant to a warrant are reviewed to determine whether the information in the warrant application and supporting affidavit provided probable cause for the search. *Illinois v. Gates*, 462 U.S. 213, 236 (1983). "Probable cause exists when, given the totality of the circumstances, a reasonable person could believe there is a fair probability that contraband or evidence of a crime would be found in a particular place." *United States v. Fladten*, 230 F.3d 1083, 1085 (8th Cir. 2000) (citing *Gates*, 462 U.S. at 236). When determining whether probable cause exists, a court does not evaluate each piece of information independently, but, rather, considers all of the facts for their cumulative meaning. *United States v. Allen,* 297 F.3d 790, 794 (8th Cir. 2002). The task of a court issuing a search warrant is "simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit . . . including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 238; *see also United States v. Salter*, 358 F.3d 1080, 1084 (8th Cir. 2004). When information in the application for the search warrant is provided by a confidential informant, the totality of the circumstances must show that the information is sufficiently reliable. *United State v. Lucca*, 377 F.3d 927, 933 (8th Cir. 2004) (citing *Gates*, 462 U.S. at 233). Sufficient reliability may be shown through "corraboration by other evidence, or if the informant has a history of providing reliable information." *Lucca*, 377 F.3d at

933 (citing *United States v. Williams*, 10 F.3d 590, 593 (8th Cir. 1993).

In reviewing the decision of the issuing court, this Court must ensure that the issuing court " 'had a substantial basis for . . . conclud[ing] that probable cause existed.' " *United States v. Oropesa*, 316 F.3d 762, 766 (8th Cir. 2003) (quoting *Gates*, 462 U.S. at 238-39.)  Since reasonable minds may differ on whether a particular search warrant affidavit establishes probable cause, the issuing court's determination is accorded great deference.  *United States v. Wajda*, 810 F.2d 754, 760 (8th Cir. 1987) (citing *United States v. Leon*, 468 U.S. 897, 914 (1984)).

The Court concludes that, given the totality of the circumstances described in the affidavit in support of the search warrant, the information provided in the application for a search warrant is insufficient for a reasonable person to believe there was a fair probability that narcotics or evidence of illegal narcotics would be found at the triplex residence on Colfax Avenue North.  The affidavit only provides conclusory information regarding a drug trafficking organization consisting of Mexican nationals.  Paragraphs two and three of the affidavit describe the practices of this drug trafficking organization, however, there is no specific facts indicating how law enforcement has come to know of these practices.  Rather the affidavit states in a conclusory fashion that this information is derived from confidential reliable informants, cooperating defendants, and information gathered by law enforcement.  The affidavit is devoid of any specific facts to show that the information provided by the confidential reliable informants or cooperating defendants is sufficiently reliable under the totality of the circumstances.  The affidavit is also without any description of the facts and circumstances that allowed law enforcement to make the conclusions in paragraphs two and three.

The only non-conclusory information provided by the affidavit is that a man, later identified

to be the Defendant, left the triplex residence and met an undercover officer to make a narcotics transaction. The affidavit contains no allegation that the Defendant resided at the triplex nor even any information pertaining to the length of time that the Defendant was present at the triplex residence. The warrant application fails to describe why law enforcement had reason to conduct surveillance of the triplex residence. The affidavit provides no indication of the quantity of narcotics exchanged during the narcotics transaction. Without information related to the quantity of narcotics exchanged, it is impossible to determine whether it is fairly probable to assume the Defendant acquired the narcotics while he was at the triplex residence. If the amount of narcotics was small, the narcotics could have been stored on the Defendant's person and it would be unreasonable to assume that he acquired the narcotics at the triplex residence. Based on the totality of the facts and circumstances set forth in the search warrant application, this Court concludes that probable cause for issuance for the search warrant was lacking.

    **B.**     **The Good Faith Exception to the Warrant Requirement Applies to the Present Case and All Evidence Seized During the Execution of the Search Warrant is Admissible.**

Since this Court determines that the application in support of the search warrant did not provide probable cause for the issuance of a search warrant on the residence, the Court must determine whether the officers who executed the search warrant on the residence did so in the good faith belief that the search warrant was supported by probable cause. The good-faith exception to the exclusionary rule provides that evidence will not be excluded where police officers reasonably rely on a search warrant issued by a neutral judicial officer, even if that search warrant is later declared invalid. *See United States v. Leon*, 468 U.S. 897, 925-26 (1984). The Defendant argues that the affidavit is so lacking in probable cause that it would have been unreasonable for law

enforcement to rely on the search warrant. The Court rejects this assertion. While the affidavit lacks probable cause, it was not unreasonable for law enforcement to believe that a search warrant that was issued by a neutral judicial officer was valid. The evidence seized as a result of the execution of that search warrant is still admissible.

### III.    RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [#27] and Defendant's Motion to Suppress Statements, Admissions, and Answers [#28] be **DENIED**.


DATED: December 4, 2007                     s/ *Franklin L. Noel*
                                            FRANKLIN L. NOEL
                                            United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **December 18, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **December 18, 2007,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.