UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,
v.                                       ORDER
                                           Criminal No. 07-343 (MJD/FLN)

Eduardo Medina-Rodriquez,

    Defendant.
_____

       The above-entitled matter comes before the Court upon Defendant's objections to the Report and Recommendation of United States Magistrate Judge Franklin Noel dated December 4, 2007.

       Pursuant to statute, the Court has conducted a _de novo_ review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). Based on that review the Court will not adopt the Report and Recommendation dated December 4, 2007 with respect to the motion to suppress as a result of search and seizure.

       At issue in this case is whether the good faith exception to the warrant requirement, set forth in _United States v. Leon_, 468 U.S. 897, 925-926 (1984), applies to the search warrant of the residence on Colfax Avenue North in Minneapolis. Government Ex. 1. This search warrant plays a key part in this case, as it provided the basis for four additional search warrants from which law enforcement obtained evidence against the Defendant.

This Court agrees with the determination made by Magistrate Judge Noel that the search warrant of the Colfax address was not based on sufficient probable cause. Magistrate Judge Noel thereafter found that notwithstanding the lack of probable cause, officers executed the search warrant on the good faith belief that it was sufficiently supported. On this basis, the Magistrate Judge denied the Defendant's motion to suppress evidence.

The Court has conducted a *de novo* review, and finds that the search warrant is so lacking in probable cause that no officer could reasonably believe it to be valid. See Leon, 468 U.S. at 923. The affidavit accompanying the search warrant at issue addresses generally "a group of Mexican nationals selling cocaine and Heroin in the Minneapolis/St. Paul area." Ex. 1, p. 2. The affiant also discusses generally the methods by which this group of Mexican nationals would evade law enforcement, such as changing vehicles frequently. Id. No where in the affidavit is there mention of a particular individual, or that particular individuals were identified or surveilled and observed dealing in cocaine and heroin. Rather, the affiant states that he spoke with another Minneapolis Narcotics Officer, and requested that the officer assist in his investigation "by purchasing illegal Narcotics from the above organization". Id. Again, there is no mention of a particular individual, yet a controlled buy was set up with an unidentified "organization member". There is no discussion of how this

individual was identified as being part of a group selling drugs. The affiant then states that the unidentified organization member left the Colfax residence and went to the pre-arranged meet location where a controlled buy was conducted. Id. The substance sold at this controlled buy was field tested positive for cocaine. No further information as to this particular residence or this particular individual was included in the affidavit.

Most importantly, there is no information in the affidavit that officers confirmed that the person seen leaving the Colfax residence actually resided at the residence. Nor is there any information included in the affidavit that officers conducted surveillance of the residence over a period of time to confirm that the residence was likely connected to illegal activity, or information from a reliable confidential informant that illegal activity took place at the residence.

In summary, the probable cause supporting the warrant for the Colfax Avenue North address is based solely on generalized information concerning "a group of Mexican nationals selling cocaine and Heroin in the Minneapolis/St. Paul area" and one controlled buy involving an individual that may or may not reside at the Colfax residence.

The good faith exception established in Leon should not be applied in certain circumstances. Id. 468 U.S. at 923. One such exception is where "an affidavit [is] 'so lacking in indicia of probable cause as to render official belief in

its existence entirely unreasonable.'" Id. (quoting Brown v. Illinois, 422 U.S. 590, 610-611 (1975)).  The Court finds that this exception applies in this case.  Probable cause is not just lacking, it is practically nonexistent.   Accordingly,

    IT IS HEREBY ORDERED that:

    1.    Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 27] is GRANTED and any and all evidence seized as a result of the execution of that search warrant is inadmissible;

    2.    Defendant's Motion to Suppress Statements, Admissions and Answers [Doc. No. 28] is DENIED as moot.

Date: December 21, 2007

                                                  s / Michael J. Davis
                                                  Michael J. Davis
                                                  United States District Court